UNITED STATES COURT OF INTERNATIONAL TRADE
Before: Hon. Timothy C. Stanceu, Hon. Jennifer Choe-Groves, Hon. M. Miller Baker

------------------------------------------------------------------X
: 
HILTI, INC.,                                                      :
                                                                  :
                Plaintiff,                        :
                                                                  :
                                                                  :
        v.                                              :
THE UNITED STATES;                                                :
JOSEPH R. BIDEN, JR., in his official capacity as                 :
PRESIDENT OF THE UNITED STATES;                                   :   Court No. 21-00216-TCS-JCG-MBB
UNITED STATES CUSTOMS AND BORDER                                  :
PROTECTION; TROY MILLER in his official                           :
capacity as SENIOR OFFICIAL PERFORMING                            :
THE DUTIES OF THE COMMISSIONER OF U.S.                            :
CUSTOMS AND BORDER PROTECTION;                                    :
UNITED STATES DEPARTMENT OF                                       :
COMMERCE; and GINA RAIMONDO in her                                :
official capacity as SECRETARY OF COMMERCE:
                                                                  :
                Defendants.                        :
                                                                  :
------------------------------------------------------------------X

## JOINT MOTION FOR PROTECTIVE ORDER

      Pursuant to USCIT Rule 5.2 of the Rules of the United States Court of International Trade and Administrative Order 02-01, plaintiff Hilti, Inc. ("Plaintiff") and defendants respectfully request that the Court enter the accompanying proposed protective order, restricting the disclosure of business proprietary or other confidential information that will be produced during this proceeding, and permitting the parties to file such information and documents under seal.

      Good cause exists for the entry of the proposed judicial protective order. Pursuant to Administrative Order 02-01, ¶ 2, access to business proprietary information will be governed by the entry of a judicial protective order unless jurisdiction is asserted under 28 U.S.C. § 1581(c).

1

Jurisdiction in this case is asserted under 28 U.S.C. § 1581(i) and thus a judicial protective order is appropriate. The administrative action underlying the instant action did not have an administrative protective order associated with it. Plaintiffs will rely on confidential information in its filings in this proceeding. The defendants may wish to submit documents warranting protection under USCIT Rule 5.2. Additionally, should a hearing be held, a closed session may be appropriate for at least some elements of the proceeding.

    For these reasons, there is good cause to issue a judicial protective order and respectfully request that the Court enter the accompanying proposed order.

Respectfully submitted,

**BARNES, RICHARDSON & COLBURN, LLP**

By: /s/ Frederic D. Van Arnam, Jr.

    Frederic D. Van Arnam, Jr.
    100 William Street, Suite 305
    New York, NY 10038
    212 725-0200, ex. 126
    rvanarnam@barnesrichardson.com

Dated:   June 29, 2021

**UNITED STATES COURT OF INTERNATIONAL TRADE**

Before:   Hon. Timothy C. Stanceu, Hon. Jennifer Choe-Groves, Hon. M. Miller Baker

---------------------------------------------------------------X

| | |
|---|---|
| HILTI, INC., | : |
| Plaintiff, | : |
| v. | : |
| THE UNITED STATES; JOSEPH R. BIDEN, JR., in his official capacity as PRESIDENT OF THE UNITED STATES; UNITED STATES CUSTOMS AND BORDER PROTECTION; TROY MILLER in his official capacity as SENIOR OFFICIAL PERFORMING THE DUTIES OF THE COMMISSIONER OF U.S. CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF COMMERCE; and GINA RAIMONDO in her official capacity as SECRETARY OF COMMERCE: | : Court No. 21-00216-TCS-JCG-MBB |
| Defendants. | : |

---------------------------------------------------------------X

**PROTECTIVE ORDER**

1. For the purposes of this Protective Order, "Proprietary Information" means information, data and documents the public disclosure of which would cause substantial competitive harm to the submitting party. Examples of such information would include: (1) terms of sale, prices of individual sales, likely sales, or other offers and names of particular customers, distributors, or suppliers; (2) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, applicable regulations, or directives from the Government; (3) private information that is otherwise protected from disclosure under applicable law including, but not limited to, personnel files, financial information and other business records; and (4) other confidential research, development, or commercial information as

3

set forth in USCIT Rule 26(c)(1)(G).

2. This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties. This Protective Order does not restrict in any manner a party's use of its own Proprietary Information.

3. No receiving party may disclose any document designated as containing Proprietary Information, or any information contained in such a document, to any person other than:

A. Counsel for a party in this action who is engaged in the conduct or preparation of this action or any appeal from a decision in this action;

B. Secretaries, paralegal assistants, clerical personnel, and other employees of a partyin this action who are engaged in assisting counsel (as described in item A of this paragraph) in the preparation of this action;

C. Persons who prepared, received, or reviewed Confidential Information prior to its production in this case;

D. Government personnel or investigators to whom counsel determine in good faith that disclosure is required to assist in the disposition of this case;

E. Authorized personnel of the U.S. Court of International Trade;

F. Videographers or court reporters retained by a party to this action or the Court; and

G. Any third-party consultant or experts who are retained to assist in the preparation of this action.

4. Counsel for the parties shall cause all persons under counsel's direction and control who see proprietary information to comply with the terms of this Protective Order, and to sign a statement to be filed with the Court acknowledging that their access to confidential information will be under the direction and control of counsel, and that they will comply with the terms of this Protective Order. The filing of a Form 17 (Business Proprietary Information Certification) under

the Rules of the U.S. Court of International Trade will satisfy the requirements of this paragraph. The requirement to sign and file a statement with the Court does not apply to government personnel.

5. All persons having access to Proprietary Information shall maintain it in a safe and securemanner to ensure compliance with this Protective Order. Persons receiving Proprietary Information pursuant to this Protective Order will not use or disclose any such information for anypurpose other than the litigation of this action or use such information in a manner inconsistent with 28 U.S.C. § 2640(e), which defines the scope of review in actions under section 1581(i).

6. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Proprietary Information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding anypotential violation of law or regulation.

7. A designation of information as "confidential" is to be made by stamping or otherwise inscribing the word "CONFIDENTIAL" and/or "BUSINESS PROPRIETARY INFORMATION" and/or "PROPRIETARY DOCUMENT" and/or "SUBJECT TO PROTECTIVE ORDER" upon the document itself. When a document contains information that is both non-confidential and confidential, the producing party will make a reasonable effort to segregate the confidential portions by clearly identifying the specific pages and/or portions thereof which are confidential. The filing with the Court of confidential and public versions of a party's appendix will satisfy the requirements of this paragraph. Those portions of documents which are not confidential will not

be restricted by this Protective Order, and the parties, in their publicly filed pleadings, publicly filed briefs, or other publicly filed submissions, may quote, reference, or summarize non-BPI and other non-confidential information contained in a document containing both non-confidential and confidential information, without redaction.

8. Any documents, including briefs and memoranda that are filed with the Court in this civilaction and that contain any Confidential Information, shall be conspicuously marked as containing Confidential Information that is not to be disclosed to the public.

9. Arrangements shall be made with the Clerk of the Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access,counsel for the plaintiff, and counsel for the defendant. The party filing any document referred to in this paragraph shall also file within three business days after the date of filing the document another copy of such document from which all of the confidential information shall have been deleted in accordance with Rule 81 of the Rules of this Court.

10. If counsel for any party to this Protective Order finds it necessary to refer to Confidential Information in any oral proceeding before this Court, such counsel shall notify the Court and all other counsel of record as soon as the necessity becomes apparent and propose whatever mechanism which may be available and appropriate to prevent disclosure of confidential information to persons other than those authorized by this Protective Order.

11. The obligations and protections imposed by this Protective Order shall continue beyond the conclusion of this case, including any appellate proceedings, or until the Court orders otherwise.

12. Upon conclusion of this litigation, including such appellate review as may occur, documents designated as Confidential Information and all copies of same (other than exhibits of

record) will be destroyed by any non-Government receiving party; or alternatively, if requested by the producing party, such documents and copies (other than exhibits of record) will be returned by the non-Government receiving party to the producing party at that party's request, other than copies containing work notes of counsel or other authorized persons, which will be destroyed.

13. Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

14. If a dispute arises concerning the designation of any Confidential Information, the parties shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

15. If the parties cannot informally resolve any dispute regarding whether information is properly designated as Proprietary Information under this Protective Order, a partymay apply to or move for the Court to resolve the issue. Material designated as Proprietary Information shall be treated as such by the parties until the Court has determined or ordered otherwise. The burden rests on the Designating Party to demonstrate that the designation is proper.

SO ORDERED.

Dated: _____          _____

New York, New York                                                         JUDGE