**UNITED STATES COURT OF INTERNATIONAL TRADE**
Before: Hon. Timothy C. Stanceu, Hon. Jennifer Choe-Groves, Hon. M. Miller Baker

---------------------------------------------------------------X
: 
HILTI, INC., :
:
                      Plaintiff, :
:
               v. :
THE UNITED STATES; :
JOSEPH R. BIDEN, JR., in his official capacity as :
PRESIDENT OF THE UNITED STATES; : Court No. 21-00216-TCS-JCG-MBB
UNITED STATES CUSTOMS AND BORDER :
PROTECTION; TROY MILLER in his official :
capacity as SENIOR OFFICIAL PERFORMING :
THE DUTIES OF THE COMMISSIONER OF U.S. :
CUSTOMS AND BORDER PROTECTION; :
UNITED STATES DEPARTMENT OF :
COMMERCE; and GINA RAIMONDO in her :
official capacity as SECRETARY OF COMMERCE :
:
                     Defendants. :
:
---------------------------------------------------------------X

**CONSENT MOTION TO ENJOIN LIQUIDATION
OF ENTRIES SUBJECT TO PROCLAMATION 9980**

Pursuant to Rules 7 and 65(a) of the Rules of the U.S. Court of International Trade ("CIT"), Plaintiff Hilti, Inc. ("Plaintiff") hereby moves this Court to enter the accompanying order enjoining U.S. Customs and Border Protection ("CBP") from liquidating its entries of steel nails subject to the 25 percent *ad valorem* tariff imposed pursuant to Presidential Proclamation 9980 ("Proclamation 9980"), published as *Adjusting Imports of Derivative Aluminum Articles and Derivative Steel Articles into the United States,* 85 Fed. Reg. 5281 (Jan. 29, 2020). The steel nail entries subject to Plaintiff's request for an injunction include all unliquidated entries made on or after 12:01 am February 8, 2020, and which were, are, or will be subject to the 25 percent

1

tariff imposed by Proclamation 9980. As indicated above, and in more detail below, defendants have consented to the requested relief.

I.     **FACTUAL BACKGROUND**

On January 24, 2020, then President Donald J. Trump issued Proclamation 9980 imposing a 25 percent tariff on imports of so-called "derivative" steel products,[1] purportedly pursuant to his power under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. §1862) ("Section 232").

The President's authority to impose tariffs under Section 232 is limited. Before the President may do so, the Secretary of Commerce ("Secretary") must investigate whether imports of the product at issue threaten to impair national security. The Secretary must submit to the President within 270 days of the investigation's commencement a report of his findings and publish that report in the *Federal Register*. 19 U.S.C. §1862(b)(3). If the report concludes that such imports pose a threat to national security, then a 90-day period is triggered during which the President must decide whether he agrees with the report and, if so, to announce the nature and duration of any remedial action. *Id*. §1862(c)(1)(A)(ii). That remedial action must be implemented within fifteen days of the President's decision. *Id*. §1862(c)(1)(B).

Plaintiff is an importer of steel nails, a product defined in Proclamation 9980 as a derivative steel product subject to the additional 25 percent tariff. Thus, Plaintiff is adversely affected because it pays the additional duty on its imports of steel nails. Furthermore, Plaintiff did not have an opportunity to provide input into the President's decision to impose these tariffs because the Secretary had not undertaken the required investigation nor published any report of

---

[1]     Proclamation 9980 also imposed duties on derivative aluminum products. Plaintiff is not an importer of any derivative aluminum products and therefore is not able to contest the imposition of those duties in this litigation.

findings that imports of derivative steel products, including steel nails, posed a threat to the national security of the United States. The first public announcement that tariffs would be imposed pursuant to Section 232 occurred on January 24, 2020 -- the day Proclamation 9980 was issued.

On April 5, 2021, the United States Court of International Trade decided *PrimeSource Building Products, Inc. v. United States, et. al.*, No. 20-00032, 2021 Ct. Intl. Trade LEXIS 36 (Ct. Int'l Trade Apr. 5, 2021), holding that Proclamation 9980 was issued by the President after his congressionally delegated authority to adjust imports of the products identified in the Proclamation had expired. As such, the court invalidated as contrary to law Proclamation 9980, finding it to be an action taken outside of delegated authority.

Thereafter, Plaintiff initiated this lawsuit on May 5, 2021, challenging Proclamation 9980 as it relates to the imposition of the steel derivative duties. In its complaint it alleges:

1. That Proclamation 9980 violated Section 232 and the Administrative Procedures Act, 5 U.S.C. §§ 702, *et seq*., by not complying with the applicable statutory and regulatory requirements;

2. Section 232 is an unconstitutional over-delegation by Congress of its legislative powers to the President; and,

3. Plaintiff's Fifth Amendment rights were violated by the application of Proclamation 9980

## II. ARGUMENT

To prevail on a motion for a preliminary injunction, the moving party must show 1) it is likely to suffer irreparable harm absent a preliminary injunction; 2) the balance of the equities on all the parties favors the moving party; 3) it is likely to succeed on the merits of the case; and, 4) that an injunction is in the public interest. *See, Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff respectfully submits that its request for an injunction in this case satisfies these requirements.

**1.      Plaintiff Will be Harmed Irreparably if an Injunction is not Issued**

An injunction requires that the moving party "demonstrate that irreparable injury is *likely* in the absence of an injunction. *Id.* at 22 (italics in original). Plaintiff will be irreparably injured if an injunction is not granted.  If Plaintiff is successful in this case, then the assessment of the 25 percent duties pursuant to the Proclamation 9980 would be ruled illegal and Plaintiff would not be liable for such duties on its nail shipments that entered the United States on or after February 8, 2020.  Unless this Court grants an injunction to enjoin liquidation, Plaintiff's entries subjected to these extra duties will liquidate while judicial review of its case is ongoing, resulting in Plaintiff's entries becoming final, conclusive and beyond reliquidation by CBP.  *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983) ("The statutory scheme has no provision permitting reliquidation in this case or imposition of [a different rate for] dumping duties after liquidation if [plaintiff] is successful on the merits").  Plaintiff will be left without a viable remedy to recover the wrongfully paid Section 232 duties.

Thus, Plaintiff will be irreparably injured if its entries are allowed to liquidate prior to completion of judicial review in this case.

**2.       The Balance of the Equities Favors Plaintiff**

Suspending liquidation of Plaintiff's unliquidated entries that are subject to Proclamation 9980 will not impose a significant hardship on any of the defendants to this proceeding.  If the unliquidated entries are allowed to liquidate prior to judicial resolution of this case, however, then Plaintiff faces a "viable threat of serious harm which cannot be undone." *Id.*

Alternatively, the imposition of an injunction suspending liquidation merely postpones the final settlement of payment of duties. Postponement is at most an inconvenience to the United States. *Timken Co. v. United States*, 6 CIT 76, 81, 569 F. Supp. 65, 71 (1983). Furthermore, Plaintiff continues to pay the 25 percent duties when it makes entries of nails subject to Proclamation 9980, so if the United States ultimately prevails in the case, it does not even have to deal with any inconvenience cased by a delay in collecting duties. *SKF USA, Inc. v. United States,* 28 CIT 170, 175, 316 F. Supp. 2d 1322, 1328 (2004) (permanent deprivation of one party's rights outweighs the government's inconvenience in delayed collection of duties).

The balance of hardship, therefore, weighs in Plaintiff's favor.

**3.     Hilti is Likely to Succeed on the Merits of its Claim**

The likelihood of success on the merits of its claim favors Plaintiff. Its claims in this case are the same claims addressed in *PrimeSource Building Products, Inc. v. United States, et. al.*, No. 20-00032, 2021 Ct. Intl. Trade LEXIS 36 (Ct. Int'l Trade Apr. 5, 2021). In *PrimeSource*, the CIT granted summary judgment to *PrimeSource* on its claim that Proclamation 9980 was issued beyond the statutory time limits set forth in Section 232. The court declared Proclamation 9980 invalid as contrary to law and directed those unliquidated entries affected by the litigation be liquidated without the assessment of duties and previously liquidated entries be reliquidated with the Section 232 duties refunded to the importer. *Slip op*. 21-36 at 11-12.

Plaintiff raises the same cause of action at count I of its complaint. While the *PrimeSource* decision has been appealed to the U.S. Court of Appeals for the Federal Circuit, the fact that the same issue was resolved by the *PrimeSource* court favorably to Hilti's position in this case is strong support that Hilti has demonstrated "at least a 'fair chance of success on the

merits' for a preliminary injunction to be appropriate.". *Qingdao Taifa Group v. United States*, 581 F.3d 1375, 1380 (Fed Cir. 2009), *quoting U.S. Ass'n of Imps, of Textiles & Apparel v. Dep't of Commerce*, 413 F.3d 1344, 1347 (Fed. Cir. 2005) *citing Atari Games Corp. v. Nintendo of Am., Inc.,* 897 F.2d 1572, 1577 (Fed. Cir. 1990).

Hilti has, therefore, satisfied the standard for demonstrating the likelihood of success on the merits in this case.

**4.     The Public Interest is Best Served by Granting the Requested Relief**

The public interest is best served by ensuring the effective enforcement of the trade laws so that the correct and lawful duties are collected. *American Signature Inc. v. United States*, 598 F.3d 816, 830 (Fed. Cir. 2010). The use of a preliminary injunction to maintain the status quo of unliquidated entries pending a final decision on the merits upholds the public interest. *Smith-Corona Group, Consumer Products Div. v. United States*, 1 CIT 89, 98 (1980).

Thus, the public interest is best served by enjoining liquidation of Hilti's unliquidated entries that are subject to Proclamation 9980. That act would maintain the status quo while the *PrimeSource* appeal is decided, which in turn will allow for the resolution on the merits of the issues raised in this action. The public interest factor weighs in Hilti's factor, as an injunction will ensure that only lawfully imposed duties are collected.

**III.     CONSENT OF THE OTHER PARTIES**

Pursuant to Rule 7(b) of the Rules of the U.S. Court of International Trade, Plaintiff's undersigned counsel conferred via email with counsel for the Government, Ann C. Motto on June 16, 2021. Ms. Motto stated that, without any admission that any of the four factors for

injunctive relief have been met, including as to any likelihood of success on the merits, the defendants consent to the relief in the form of suspension of liquidation of unliquidated entries as set forth in the agreed-upon proposed order.

**IV.     REQUEST FOR RELIEF**

For the reasons provided above, Plaintiff respectfully request that the Court grant its consent motion for a preliminary injunction, enjoining liquidation of the relevant entries pending a conclusive court decision in this litigation, including all appeals and remand proceedings.

Respectfully submitted,

**BARNES, RICHARDSON & COLBURN, LLP**

By:     /s/ Frederic D. Van Arnam, Jr.

Frederic D. Van Arnam, Jr.
100 William Street, Suite 305
New York, NY 10038
212 725-0200, ex. 126
rvanarnam@barnesrichardson.com

Dated: June 29, 2021