## UNITED STATES COURT OF INTERNATIONAL TRADE

Before:      Hon. Timothy C. Stanceu, Hon. Jennifer Choe-Groves, Hon. M. Miller Baker

-------------------------------------------------------------X

|  |  |  |
|---|---|---|
| HILTI, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| THE UNITED STATES; | : | |
| JOSEPH R. BIDEN, JR., in his official capacity as | : | |
| PRESIDENT OF THE UNITED STATES; | : | Court No. 21-00216-TCS-JCG-MMB |
| UNITED STATES CUSTOMS AND BORDER | : | |
| PROTECTION; TROY MILLER in his official | : | |
| capacity as SENIOR OFFICIAL PERFORMING | : | |
| THE DUTIES OF THE COMMISSIONER OF U.S. | : | |
| CUSTOMS AND BORDER PROTECTION; | : | |
| UNITED STATES DEPARTMENT OF | : | |
| COMMERCE; and GINA RAIMONDO in her | : | |
| official capacity as SECRETARY OF COMMERCE | : | |
| | : | |
| Defendants. | : | |
| | : | |

-------------------------------------------------------------X

## PLAINTIFF'S CONSENT MOTION TO STAY

Pursuant to Rules 1 and 7 of the Rules of the U.S. Court of International Trade ("CIT"), plaintiff Hilti, Inc. ("Plaintiff") moves this Court on consent to enter a stay of the merits of this case until 65 days after a final decision on appeal in *PrimeSource Building Products, Inc. v. United States, et. al.*, No. 20-00032, 2021 Ct. Intl. Trade LEXIS 36 (Ct. Int'l Trade Apr. 5, 2021), *appeal docketed*, 21-2066 (Fed. Cir. June 17, 2021).  In Slip Op. 21-36, issued on April 5, 2021, the CIT granted summary judgment to *PrimeSource* on its claim that Proclamation 9980 was issued beyond the statutory time limits set forth in Section 232.  The court declared Proclamation 9980 invalid as contrary to law and directed those unliquidated entries affected by the litigation be liquidated without the assessment of duties and previously liquidated entries be reliquidated

1

with the Section 232 duties refunded to the importer.  *Slip op*. 21-36 at 11-12.  This decision is now on appeal to the U.S. Court of Appeals for the Federal Circuit.

Plaintiff seeks to stay the instant matter until 65 days after the *PrimeSource* matter is final because this case and *PrimeSource* present identical issues.  Like the plaintiff in *PrimeSource,* Plaintiff challenges the defendants' issuance and implementation of Presidential Proclamation 9980 ("Proclamation 9980"), published as *Adjusting Imports of Derivative Aluminum Articles and Derivative Steel Articles into the United States,* 85 Fed. Reg. 5281 (Jan. 29, 2020), alleging:

1.   That Proclamation 9980 violated Section 232 and the Administrative Procedures Act, 5 U.S.C. §§ 702, *et seq*., by not complying with the applicable statutory and regulatory requirements;

2.   Section 232 is an unconstitutional over-delegation by Congress of its legislative powers to the President; and,

3.   Plaintiff's Fifth Amendment rights were violated by the application of Proclamation 9980

Given the common legal questions posed in Plaintiff's case and in *PrimeSource*, the outcome of the *PrimeSource* appeal will likely be controlling authority in Plaintiff's case.  As such, the resources of the parties and the court in the instant matter are conserved by staying the case pending resolution of *PrimeSource*.

## ARGUMENT

Plaintiff believes that a stay of the proceeding would serve the interests of judicial economy as well as the interests of the parties in this action.  *See generally, Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also, An Giang Agriculture and Food Import Export*

*Company v. United States*, 350 F.Supp.2d 1162, 1167 (CIT 2004).  According to the court in *An Giang*,

> . . . a case may properly be stayed pending the outcome of another case (the "lead" case) even where the "lead" case may not be potentially dispositive of the case sought to be stayed -- i.e., even where the "lead" case may, at most, streamline the issues in the case sought to be stayed. *See, e.g., Landis*, 299 U.S. at 256, 81 L. Ed. 153, 57 S. Ct. 163 (noting that, even though "every question of fact and law" in the case sought to be stayed might not be decided in the "lead" case, "in all likelihood [the "lead" case] will settle many and simplify them all") . . ..

350 F. Supp.2d at 1168 n. 9.

As stated above, the ultimate resolution of the *PrimeSource* case will likely resolve this case without the necessity of going to trial, or, alternatively, it may narrow the issues in dispute. Therefore, a stay of this matter until 65 days after a final decision in the *PrimeSource* case would be the most efficient course of action, serve the interests of the parties, and promote judicial economy.  *Union Steel Mfg. Co. v. United States*, 896 F. Supp. 2d 1330, 1336 (CIT 2013) (stay orders appropriate where "the interests of judicial economy" are promoted and "resources of the parties as well as the court" are conserved).

Furthermore, defendants will not face hardship if a stay is granted. *Landis v. N. Am. Co.,* 299 U.S. 248, 257 (1936) (the power to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance").  Defendants are not harmed by the stay in that they continue to collect, and Plaintiff continues to pay, the 232 duties when Plaintiff's merchandise subject to Proclamation 9980 enters the United States.  Nor will a stay in this case delay the final decision in the *PrimeSource* matter as that matter is proceeding according to its scheduling timetable independent of the instant case.  In sum, Plaintiff does not see how any party to this action is treated inequitably, or suffers any hardship, if this matter is stayed.

## CONSENT OF THE OTHER PARTIES

Plaintiff's undersigned counsel conferred via email with counsel for the Government, Ann C. Motto on June 16, 2021. Ms. Motto consented to the relief requested.

WHEREFORE, plaintiff respectfully requests that its motion for a stay be granted.

Respectfully submitted,

**BARNES, RICHARDSON & COLBURN, LLP**

By:      /s/ Frederic D. Van Arnam, Jr.

Frederic D. Van Arnam, Jr.
100 William Street, Suite 305
New York, NY 10038
212 725-0200, ex. 126
rvanarnam@barnesrichardson.com

Dated: June 30, 2021

4